2026 IL App (2d) 250529-U
No. 2-25-0529
Order filed August 5, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

JASON W. HALTOM, Defendant-Appellant.

Appeal from the Circuit Court of Kendall County.
Honorable Lisa F. Accardi, Judge, Presiding.
No. 25-DV-34

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We lack jurisdiction over this appeal; defendant's appeal was filed more than 30 days after the final judgment, and his motion under *People v. Krankel*, 102 Ill. 2d 181 (1984), did not toll the time for appeal.

¶ 2    *Pro se* defendant, Jason W. Haltom, appeals his conviction of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)) for striking the victim, J.H., in the face with his hand.  Defendant raises several issues on appeal.  However, because defendant's notice of appeal is untimely, we dismiss this appeal for lack of jurisdiction.

¶ 3                                 I. BACKGROUND

¶ 4    On March 24, 2025, defendant was charged with two counts of domestic battery (*id.* § 12-3.2(a)(1), (a)(2)).  On August 25, 2025, the trial court conducted a bench trial and found defendant

guilty of both counts. The court proceeded immediately to sentencing. The court merged count II into count I and sentenced defendant to 12 months' conditional discharge.

¶ 5    On September 23, 2025, defendant, acting *pro se*, filed a motion titled "*Krankel* Motion— Ineffective Assistance" (see *People v. Krankel*, 102 Ill. 2d 181 (1984)). In his motion, defendant alleged that his trial counsel was ineffective in several ways, including by failing to (1) reach out and discuss the case with defendant until the day of trial, (2) review the evidence with defendant before trial, and (3) use J.H.'s prior false 911 calls to establish her psychosis.

¶ 6    On October 24, 2025, the trial court conducted an initial inquiry into the ineffectiveness claims raised in defendant's September 23, 2025, motion. Following this preliminary inquiry, the court determined that nothing defendant presented in his motion warranted appointing independent counsel to assess his claims.

¶ 7    On November 21, 2025, defendant filed a *pro se* notice of appeal from the October 24, 2025, denial of his September 23, 2025, motion.

¶ 8                                II. ANALYSIS

¶ 9    We first address the State's challenge to our jurisdiction. A reviewing court has a duty to verify its jurisdiction and to dismiss an appeal if jurisdiction is lacking. *People v. Dewey*, 2025 IL App (3d) 230611, ¶ 9.

¶ 10    To confer jurisdiction on the appellate court, a defendant must file a timely notice of appeal. *People v. Hemphill*, 2025 IL App (1st) 220808, ¶ 19. Illinois Supreme Court Rule 606(b) (eff. Apr. 15, 2024) provides that, in criminal cases,

        "the notice of appeal must be filed with the clerk of the circuit court within 30 days after

        the entry of the final judgment appealed from *or if a motion directed against the judgment*

*is timely filed, within 30 days after the entry of the order disposing of the motion*." (Emphasis added.)

¶ 11   In this case, on August 25, 2025, defendant was found guilty of domestic battery. More than 30 days later, on November 21, 2025, defendant filed a *pro se* notice of appeal from the judgment entered on August 25, 2025. Defendant's jurisdictional statement suggests that his "*Krankel* Motion—Ineffective Assistance," filed on September 23, 2025, and disposed of on October 24, 2025, was a "motion directed against the judgment" under Rule 606(b) and, thus, tolled the time for appeal from the August 25, 2025, judgment. We disagree.

¶ 12   First, defendant's motion—a *pro se* posttrial motion alleging only trial counsel's ineffectiveness—did not constitute a posttrial motion under section 116-1(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-1(b) (West 2024)), which states in relevant part: "A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict." According to the supreme court in *People v. Patrick*, 2011 IL 111666, ¶ 30, "[a] *pro se* posttrial motion alleging ineffective assistance of counsel is not a new trial motion as outlined in section 116-1." Rather, the *Krankel* procedure is a "common law remedy" independent of the statutory remedy in section 116-1. *Id.*

¶ 13   Although *Patrick* did not mention Rule 606(b), the supreme court included language implying the court's position on whether a *Krankel* motion constitutes a "motion directed against the judgment" under the tolling provision of that rule. Clarifying the trial court's power to hear *Krankel* motions, the supreme court said: "We note that once a notice of appeal has been filed, the trial court loses jurisdiction of the case and may not entertain a *Krankel* motion raising a *pro se* claim of ineffective assistance of counsel." *Id.* ¶ 39. Later, the court summarized:

"It is true that section 116-1(b) says a defendant must file a written motion for a new trial within 30 days of the entry of a finding or the return of a verdict. However, an exception to that rule is if a defendant is seeking a new trial based on claims of ineffective assistance of counsel *and the claim is raised before a notice of appeal is filed*. In that case, the defendant may have a *Krankel* hearing to determine if his claims have any merit and warrant the appointment of separate counsel. For all other claims seeking a new trial, a defendant must comply with section 116-1(b)'s requirements." (Emphasis added.) *Id.* ¶ 42.

¶ 14 The foregoing comments implicitly set *Krankel* motions apart from the motions contemplated in the premature-appeal provision of Rule 606(b):

"When a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by [the] defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024).

¶ 15 If the supreme court in *Patrick* regarded a *Krankel* motion as "a posttrial or postsentencing motion directed against the judgment" as contemplated in the above language, the court would have said that a notice of appeal filed during the pendency of a *Krankel* motion is of no effect and must be stricken. Instead, the court said the converse—that a notice of appeal filed during the pendency of a *Krankel* motion deprives the trial court of jurisdiction to consider the *Krankel* motion. Our reading of *Patrick* has the support of other courts that have interpreted the supreme court to mean that a pending *Krankel* motion does not defeat a notice of appeal under Rule 606(b)'s premature-appeal provision. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 32; *People v. Darr*, 2018 IL App (3d) 150562, ¶¶ 95-96; *People v. Cotton*, 2018 IL App (5th) 150167-U, ¶ 73. Based

on this interpretation of *Patrick*, we can infer the status of *Krankel* motions *vis-à-vis* Rule 606(b)'s tolling provision. If a *Krankel* motion is not a "posttrial or postsentencing motion directed against the judgment" under Rule 606(b)'s premature-appeal provision, then, under the rules of construction, it is not "a motion directed against the judgment" under Rule 606(b)'s tolling provision. See *People v. Maxey*, 2015 IL App (1st) 140036, ¶¶ 31, 33 (statutes and supreme court rules are governed by the same rules of construction, one of which is that the same, or substantially the same, words or phrases appearing in different parts of a rule or statute will be given a generally accepted and consistent meaning, absent a contrary expression); *contra People v. Nance*, 2014 IL App (1st) 123143-U, ¶ 22 ("conclud[ing] that the clear language of Rule 606(b) governs: while a *Krankel* motion is not a section 116-1(b) motion, it is a post-trial or post-sentencing motion filed by a defendant and directed against the judgment").

¶ 16    We hold that defendant's *Krankel* motion did not toll the time for appeal under Rule 606(b) and that, therefore, defendant's notice of appeal was filed more than 30 days after the final judgment. Accordingly, this appeal is untimely, and we lack jurisdiction.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we lack jurisdiction over this appeal from the circuit court of Kendall County and must dismiss it.

¶ 19    Appeal dismissed.